AO 106 (Rev. 04/10) Application for a Search Warrant

FILED

MAY 1 0 2019

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
### for the
### Southern District of California

In the Matter of the Search of            )
*(Briefly describe the property to be searched*   )
*or identify the person by name and address)*   )        Case No.
                                          )
Motorola MotoE5 Play mobile phone, serial number:   )        **19MJ1927**
AY323K3VL3, IMEI: 351841096648151 seized from   )
Arturo RODRIGUEZ                          )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

located in the _____Southern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Felon in possession of ammunition |
| 18 USC 924(c)(1)(A) | Possession of a firearm in furtherance of a drug trafficking crime |
| 21 USC 841, 846 | Possession of meth with intent to distribute & conspiracy to do the same |

The application is based on these facts:

See attached Affidavit of DEA Task Force Officer Scott Faiferlick

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Scott Brahin, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __5/10/19__

_____
*Judge's signature*

City and state: __San Diego, CA__

Hon. ~~Karen S. Crawford,~~ U.S. Magistrate Judge
*Printed name and title*

STANLEY A. BOONE

## **ATTACHMENT A**

### PROPERTY TO BE SEARCHED

The following property is to be searched:

Motorola MotoE5 Play mobile phone, serial number: AY323K3VL3, IMEI: 351841096648151 seized from Arturo RODRIGUEZ (**Target Device**)

**Target Device** is currently in the possession of the Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives, for the Southern District of California.

FRONT                    BACK



## ATTACHMENT B

### ITEMS TO BE SEIZED

Authorization to search the cellular/mobile telephone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular/mobile telephone for evidence described below. The seizure and search of the cellular/mobile telephone shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular/mobile telephone will be electronic records, communications, or data including, but limited to, emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data for the period of **December 22, 2018, through March 21, 2019**:

a.   tending to indicate efforts to illegally possess firearms or traffic controlled substance;

b.   tending to identify accounts, facilities, storage devices, and/or services– such as email addresses, IP addresses, and phone numbers–used to facilitate the illegal possession of firearms or trafficking of controlled substances;

c.   tending to identify co-conspirators, criminal associates, or others involved in the illegal possession of firearms or trafficking of controlled substances;

d.   tending to identify travel to or presence at locations involved in the illegal possession of firearms or trafficking of methamphetamine or other controlled substances;

e.   tending to identify the user of, or persons with control over or access to, the **Target Device**; and/or

f.   tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

**which are evidence of violations of Title 18, United States Code, Section 922(g)(1), Title 18, United States Code, Section 924(c)(1)(A), and Title 21, United States Code, Section 841(a)(1) and 846.**

1

## **AFFIDAVIT**

2 I, Scott Brahin, being duly sworn, hereby state as follows:

## **INTRODUCTION**

4     1.    This affidavit supports an application for a warrant to search the following

5 electronic devices:

6         a.    Motorola MotoE5 Play mobile phone, serial number:

7                 AY323K3VL3, IMEI: 351841096648151 seized from Arturo

8                 RODRIGUEZ (**Target Device**);

9 as described in Attachment A, and seize evidence of crimes, specifically, violations of

10 Title 18, United States Code, Section 922(g)(1) (felon in possession of ammunition),

11 Title 18, United States Code, Section 924(c)(1)(A) (possession of a firearm in

12 furtherance of a drug trafficking crime), and Title 21, United States Code, Section

13 841(a)(1) and 846 (possession of methamphetamine with intent to distribute and

14 conspiracy to do the same).  This search supports an investigation and prosecution of

15 Arturo RODRIGUEZ ("RODRIGUEZ") for the crimes mentioned above.  A factual

16 explanation supporting probable cause follows.

17     2.    The **Target Device** was seized from RODRIGUEZ by law enforcement

18 personnel incident to his arrest and pursuant to a parole search on March 21, 2019.  The

19 **Target Device** is currently in the possession of the Department of Justice, Bureau of

20 Alcohol, Tobacco, Firearms, and Explosives, for the Southern District of California.

21     3.    Based on the information below, there is probable cause to believe that a

22 search of the **Target Device** will produce evidence of the aforementioned crimes, as

23 described in Attachment B.

24     4.    The information contained in this affidavit is based upon my experience

25 and training, consultation with other federal, state, and local law enforcement agents.

26 The evidence and information contained herein was developed from my interview with

27 RODRIGUEZ's girlfriend and a search of his hotel room and vehicle he was riding in.

28 The facts set forth herein are those that I believe are relevant to the limited purposes of

1  this affidavit, namely, to establish probable cause for the requested warrant. The
2  affidavit does not include every fact that I or other law enforcement personnel may
3  have learned in connection with this ongoing investigation.

### EXPERIENCE AND TRAINING

5       5.    I am a Special Agent ("S/A") with the Bureau of Alcohol, Tobacco,
6  Firearms and Explosives ("ATF"), and have been since July 2004. Before joining the
7  ATF, I was employed as an S/A for the United States Secret Service ("USSS") for
8  approximately four and a half years, where I was also a computer forensic examiner
9  and investigator assigned to a technology and computer crime task force. I am currently
10  assigned to the ATF Los Angeles Field Division, Carlsbad Field Office. As an ATF
11  S/A, I have received formal and informal training in federal firearms laws, as well as
12  how to investigate violations of these statutes. In this realm, I have authored affidavits
13  for search warrants, complaints, and Title III intercepts which have yielded evidence
14  of numerous Federal criminal violations.

15       6.    Based upon my training and experience as a Special Agent, including prior
16  formal training and experience as a computer and digital evidence forensic examiner, and
17  all the facts and opinions set forth in this affidavit, I know that cellular/mobile telephones
18  can and often do contain electronic records, phone logs and contacts, voice and text
19  communications, and data such as emails, text messages, chats and chat logs from various
20  third-party applications, photographs, audio files, videos, and location data. This
21  information can be stored within disks, memory cards, deleted data, remnant data, slack
22  space, and temporary or permanent files contained on or in the cellular/mobile telephone.
23  Based upon my training and experience as a Special Agent, as a law enforcement officer,
24  and consultations with other law enforcement officers experienced in illegal firearms
25  possession, trafficking, drug dealing, and trafficking investigations, I am also aware that:

26       a.    Drug dealers and traffickers will use cellular telephones because they are
27  mobile and they have instant access to telephone calls, text, web, and voice messages;

28       b.    Drug dealers and traffickers and their accomplices will use cellular

2

telephones to coordinate with each other, contact their buyers and suppliers, and negotiate the purchase or sale of their illegal merchandise;

        c.    Drug dealers and traffickers and their accomplices will use cellular telephones because they can easily arrange and/or determine what time their buyers or suppliers will arrive at predetermined locations;

        d.    Drug dealers and traffickers will use cellular telephones to direct buyers or suppliers to synchronize an exact drop-off and/or pick-up time of their illegal merchandise;

        e.    Drug dealers and traffickers will use cellular telephones to notify or warn their accomplices of law enforcement activity to include the presence and posture of marked and unmarked units, as well as the operational status of checkpoints and border crossings;

        f.    Because drug dealers are operating a criminal venture (thereby making it unlikely that they will report losses to law enforcement), because their business relies almost exclusively on cash transactions, and because their illicit product, if stolen, is easily resold, drug dealers are often targets for other criminals. Thus, drug dealers and traffickers often arm themselves with firearms and other weapons to protect their person, proceeds, and drugs from rival dealers, customers, and other criminals;

        g.    It is very common for individuals involved in the illegal possession or acquisition of firearms and ammunition to use cellular telephones, computers, tablets, and personal digital assistants with internet access, storage, or photograph and video capabilities to take, store, post on social media, or on cloud storage applications, photographs, videos, and other media of their firearms;

        h.    It is common for individuals who are involved in the illegal possession or acquisition of firearms and ammunition to keep telephone numbers, text or audio conversations, and contact information for their firearms and ammunition suppliers and co-conspirators on cellular telephones, computers, tablets, and personal digital assistants; and

        i.    The use of cellular telephones by individuals involved in the illegal possession or acquisition of firearms and ammunition, and drug dealers, tends to generate evidence that is stored on the cellular/mobile telephones, including, but not limited to emails,

3

1   text messages, photographs, audio files, videos, call logs, address book entries, IP addresses,
2   social network data, and location data.

3              j.      Subscriber Identity Module (SIM) Cards, also known as subscriber
4   identity modules, are smart cards that store data for cellular telephone subscribers. Such
5   data includes user identity, location and phone number, network authorization data, personal
6   security keys, contact lists, and stored text messages. Much of the evidence generated by a
7   person involved in the illegal possession or acquisition of firearms or a drug dealer's use of
8   a cellular telephone would likely be stored on any SIM Card that has been utilized in
9   connection with that telephone.

10             k.      Drug traffickers are aware that the use of their cellular phones in
11  furtherance of their criminal activities creates several types of cellular-phone-related
12  evidence. (This evidence may include call-logs, incoming and outgoing messages, geo-
13  location data, photographs, and contact lists.) As a result, traffickers who anticipate that
14  their cellular phones will be searched by law enforcement often attempt to delete some or
15  all existing data on their cellular phones in order to destroy evidence and evade law
16  enforcement scrutiny.

17       7.     In the affidavit, all dates and times are approximate.

18       8.     I have knowledge of the facts set forth below based on my review of the
19  reports, recorded statements, and evidence collected in this case.

20                     **FACTS SUPPORTING PROBABLE CAUSE**

21       9.     On March 21, 2019, the San Diego California Parole Apprehension
22  Team/Fugitive Task Force ("FTF") officers and other law enforcement personnel,
23  including myself, were attempting to locate RODRIGUEZ who was wanted on an arrest
24  warrant for a violation of his parole, and for questioning in his possible involvement in
25  a series of home invasion robberies.   Officers were informed that RODRIGUEZ may
26  be staying at the Lodge at 32nd Motel, located at 740 32nd Street, San Diego, California.

27       10.    Officers setup surveillance on the location and observed RODRIGUEZ
28  arrive as a passenger in the 2nd row, passenger side, of a vehicle driven by an unknown

4

female.   He later entered a motel room with the unknown female.   Officers setup on the room, knocked on the door, identified themselves as police officers, and demanded that the occupants exit the room.   RODRIGUEZ complied and was taken into custody. On his person, officers found 1.2 grams of a substance believed to be heroin.

11.   Officers conducted a vehicle search.   In a pouch behind the front passenger seat, immediately in front of where RODRIGUEZ had been sitting, they found a loaded 9mm unserialized Glock-type pistol.   In the same pouch, they found 31 grams of a crystalline substance believed to be methamphetamine.   In a search of the motel room occupied by RODRIGUEZ and the unknown female, they also found a sock filled with additional 9mm ammunition and an electronic scale.

12.   Officers interviewed the female who arrived with RODRIGUEZ.   She stated she was RODRIGUEZ's girlfriend and denied knowledge and possession of the drugs, firearm, ammunition, and scale.   She also confirmed that only she and RODRIGUEZ had entered the room.   Finally, she confirmed the officers' observation that RODRIGUEZ sat in the rear passenger seat while en route to the motel, near where the drugs and firearm had been found.   She also confirmed that the **TARGET DEVICE** belonged to RODRIGUEZ.

13.   Records checks on RODRIGUEZ revealed the following relevant criminal history:

| CONVICTION DATE | COURT OF CONVICTION | CHARGE | TERM OF IMPRISONMENT |
|---|---|---|---|
| 2/13/09 | CASC-San Diego | PC 245(A)(2) – Assault with Deadly Weapon not Firearm, GBI Likely (Felony) | 13 years' prison |
| 9/22/00 | CASC – San Diego | PC 245(A)(2) – Assault with Firearm on Person (Felony) | 180 days' jail, 3 years probation |

14.   RODRIGUEZ was later arrested by ATF for violations of Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm), Title 18, United States Code, Section 924(c)(1)(A) (possessing a firearm in furtherance of a

1   drug trafficking crime), and Title 21, United States Code, Section 841(a)(1)

2   (possession of methamphetamine with intent to distribute).

3        15.   Based on my participation in this investigation, as well as my prior

4   training and experience, I am aware that individuals who are prohibited from

5   possessing firearms keep photos or videos of them holding and shooting their

6   firearms.   Additionally, persons engaged in similar illegal activity, to include drug

7   trafficking, will often utilize their mobile telephones and other electronic devices to

8   communicate with their criminal associates.   These devices often contain indicia of

9   the identity of the individual and/or his/her associates, as well as their criminal

10   activity, to include but not limited to, call logs, voicemail messages, text messages,

11   electronic messages (e-mail), photographs, videos, address books, contact lists,

12   calendars, notes, and ledgers.

13        16.   Furthermore, I know that recent calls made and received, telephone

14   numbers, contact names, electronic mail (e-mail) addresses, appointment dates, text

15   messages, pictures, videos and other digital information are stored in the memory of

16   the **Target Device**, which may identify other persons involved in drug trafficking or

17   the illegal possession of firearms.

18        17.   Accordingly, based upon my experience and training, consultation with

19   other law enforcement officers experienced in firearms and drug trafficking

20   investigations, and all the facts and opinions set forth in this affidavit, I believe that

21   information relevant to the illegal activities of Arturo RODRIGUEZ, such as telephone

22   numbers, made and received calls, contact names, electronic mail (e-mail) addresses,

23   appointment dates, messages, videos, pictures and other digital information are stored

24   in the memory of the **Target Device**.

25   **METHODOLOGY**

26        18.   It is not possible to determine, merely by knowing the cellular/mobile

27   telephone's make, model and serial number, the nature and types of services to which

28   the device is subscribed and the nature of the data stored on the device. Cellular/mobile

6

devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing.   An increasing number of cellular/mobile service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device.  For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network.  Unlike typical computers, many cellular/mobile telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device.  Current technology provides some solutions for acquiring some of the data stored in some cellular/mobile telephone models using forensic hardware and software.

19.    Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired.  For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography.  This process is time and labor intensive and may take weeks or longer.

20.    Following the issuance of this warrant, I will collect the subject cellular/mobile telephones and subject them to analysis.  All forensic analysis of the data contained within the telephones and their memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

21.    Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months.   The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

7

**CONCLUSION**

22.    Based on all of the facts and circumstances described above, there is probable cause to conclude that Arturo RODRIGUEZ used the **Target Device** to facilitate violations of Title 18, United States Code, Section 922(g)(1) (felon in possession of ammunition), Title 18, United States Code, Section 924(c)(1)(A) (possession of a firearm in furtherance of a drug trafficking crime), and Title 21, United States Code, Section 841(a)(1) and 846 (possession of methamphetamine with intent to distribute and conspiracy to do the same).   And because the **Target Device** was promptly seized during the investigation of Arturo RODRIGUEZ and has been securely stored, there is probable cause to believe that evidence of illegal activities committed by Arturo RODRIGUEZ continues to exist on the **Target Device**.

23.    WHEREFORE, I request that the court issue a warrant authorizing law enforcement agents and/or other federal and state law enforcement officers to search the items described in Attachment A, and the seizure of items listed in Attachment B, using the methodology described above.

I swear the foregoing is true and correct to the best of my knowledge and belief.

Scott Brahin
ATF Special Agent

Subscribed and sworn to before me this _10__ day of May 2019.

The Honorable Karen S. Crawford    STANLEY A. BOONE
United States Magistrate Judge

8